IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE C. GREENLEE, individually and as Trustee for the Harry E. Preble Legacy Trust,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 05-3140<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant George C. Greenlee's Motion to Dismiss, or, Alternatively, to Transfer to the Proper Forum (d/e 7) (Motion to Dismiss). Greenlee asserts: (1) this Court lacks subject matter jurisdiction under the probate exception to diversity jurisdiction, (2) this Court lacks personal jurisdiction over Defendant Greenlee, and (3) venue is not proper in this district. For the reasons set forth below, the Court dismisses Plaintiff's Complaint (d/e 1) for lack of subject matter jurisdiction.

1

BACKGROUND

Harry E. Preble and Defendant Greenlee were colleagues in the English Department at Missouri Southern State University (MSSU) in Joplin, Missouri, for over 30 years. Preble never married and had no children. Preble grew up on a farm in Pike County, Illinois, and received bachelor's, master's, and doctorate degrees from the University of Illinois, Champaign-Urbana. Preble became a faculty member at MSSU in 1968. Although living in Joplin, Preble maintained ties to Illinois, visiting approximately four times a year. In 1992, upon the death of his mother, Preble acquired the family farm in Pike County. Preble also owned a house in Pittsfield, Illinois, which is located within Pike County, and a house in Joplin, Missouri.

After his mother died, Preble became concerned about the disposition of his estate upon his own death and his desire to avoid estate taxes. As a result, he met with his family's attorney, William Lowry of Pittsfield, who prepared a will for Preble. <u>Memorandum of Law in Opposition to Defendant's Motion to Dismiss, or Alternatively, to Transfer to Proper Forum (d/e 11)</u> (Plaintiff's Memorandum), Ex. 3, <u>Declaration of William E. Lowry</u> (Lowry Declaration), Ex. A, <u>1992 Will</u>. The 1992 Will named

Carroll Hoover, a cousin to Preble, as executor. After several specific bequests, the 1992 Will devised Preble's residual estate to the College of Liberal Arts and Sciences at the University of Illinois, Urbana, Illinois, for scholarship purposes. Id., § 10.

In 2001, Preble executed a new will. Lowry Declaration, Ex. B, 2001 Will. The 2001 Will again named Hoover as executor. After several specific bequests, the 2001 Will again devised Preble's residual estate to the College of Liberal Arts and Sciences at the University of Illinois, Urbana, Illinois, for scholarship purposes. Id., § 11. Neither the 1992 nor the 2001 Will made any provision for MSSU.

On March 24, 2004, Preble executed a Revocable Trust Agreement, prepared by Lowry, authorizing the transfer of Preble's assets to the Farmers State Bank of Pittsfield as trustee. Lowry Declaration, Ex. C, Trust Agreement (Illinois Trust). Under the Illinois Trust, the trustee would provide bill paying and other financial management services for Preble. The Illinois Trust was designed to terminate upon Preble's death, with the Trust assets to be distributed into Preble's estate. The Illinois Trust was never fully funded.

On July 12, 2004, Preble suffered a grand mal seizure. He was

hospitalized at St. John's Medical Center in Joplin. The next day, Preble was diagnosed with malignant melanoma with brain metastasis. On July 19, 2004, Preble signed a durable power of attorney by placing an "X" on the signature line of a ten-page document. <u>Lowry Declaration</u>, Ex. D, p. 2, <u>Durable Power of Attorney</u> (Power of Attorney). The Power of Attorney was notarized by a hospital social worker and witnessed by two other hospital workers. The Power of Attorney named Greenlee as Preble's attorney-in-fact.

On July 27, 2004, Greenlee, as Power of Attorney, donated $150,000.00 of Preble's money to the Missouri Southern Foundation of MSSU. By early August 2004, Preble's condition had worsened, and his death appeared imminent. Greenlee retained Joplin attorney Christopher Dumm to create the Harry E. Preble Legacy Trust (Legacy Trust), which named Greenlee as trustee. Greenlee signed the Legacy Trust as both Trustmaker and Trustee on August 3, 2004. <u>Defendant George C. Greenlee's Memorandum in Support of his Motion to Dismiss, or, Alternatively, to Transfer to the Proper Forum (d/e 8)</u> (Defendant's Memorandum), Ex. 2, <u>Legacy Trust</u>. Also on August 3, 2004, Greenlee filed, in the Circuit Court of Jasper County, Missouri, an emergency petition

4

to name himself as Preble's conservator and a motion to allow Greenlee, as conservator, to transfer Preble's assets to the Legacy Trust. The Missouri court granted Greenlee's requests that same day. On August 3, 2004, Greenlee executed a Missouri Quit Claim Deed, an Illinois Trustee's Deed, and an Assignment of Personal Property, transferring Preble's real and personal property to the Legacy Trust. Under the provisions of the Legacy Trust, Preble's assets were to be distributed to the Missouri Southern Foundation. The Legacy Trust makes no provision for the University of Illinois or any individuals.

Preble died on August 4, 2004, at the age of 78. At the time of Preble's death, the Pike County farm consisted of 1,200 acres and was worth approximately $3 million. At the time of his death, Preble had also accumulated substantial personal property, including stocks, bonds, certificates of deposit, and various accounts, valued at more than $7.3 million.

On August 5, 2004, Preble's 2001 Will was filed in Pike County, Illinois. The will was subsequently transferred to Jasper County, Missouri, for the administration of the estate. Hoover filed an Application to Probate Will in Jasper County on October 4, 2004. On October 27, 2004, Hoover

filed a verified petition in the probate case against Greenlee and the Missouri Southern Foundation, seeking a determination of possession of the Preble assets, an accounting, a temporary restraining order, and an order freezing the assets in the Legacy Trust. Defendant's Memorandum, Ex. 8. On December 9, 2004, the Jasper County court entered an Agreed Order for Management of Assets in Dispute. See Defendant's Memorandum, Ex. 7, p. 3. Greenlee filed a motion to join parties, including the University of Illinois, in the probate action. The Jasper County court allowed Greenlee's request on January 25, 2005, and the University of Illinois has been participating in that action since that time.

On June 1, 2005, the University of Illinois filed its five-count Complaint in the present case. The Complaint alleges lack of capacity for power of attorney (Count I), violation of the Illinois Power of Attorney Act (Count II), violation of the Durable Power of Attorney Law of Missouri (Count III), interference with an inheritance expectancy (Count V), and seeks a declaratory judgment holding the Legacy Trust to be null and void (Count IV). The Complaint asserts that diversity jurisdiction exists, because the University of Illinois is considered an Illinois citizen, Greenlee is a citizen of Missouri, and the amount in controversy exceeds $75,000. See

28 U.S.C. § 1332.

## ANALYSIS

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Therefore, the Court turns first to Greenlee's contention that subject matter jurisdiction is lacking under the probate exception to diversity jurisdiction. It is well-established that "'a federal court has no jurisdiction to probate a will or administer an estate.'" Storm v. Storm, 328 F.3d 941, 943 (7th Cir. 2003) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). As a result, "[u]nder the so-called 'probate exception,' even when the requirements of diversity jurisdiction have been met–the parties are diverse and the amount in controversy exceeds the jurisdictional threshold. . .–a federal court nonetheless lacks jurisdiction over cases involving probate matters." Id. (internal citation omitted). The probate exception applies not only to pure probate matters, but also to other matters that are ancillary to the core probate matters to such a degree as to fall within the exception. Id.

Even if the present case does not involve pure probate matters, it certainly involves issues that are ancillary to core probate matters to such a

degree as to fall within the exception.[1]  The Seventh Circuit has adopted a "practical approach" to determining the boundaries of the probate exception.  Storm, 328 F.3d at 944 (citing Dragan v. Miller, 679 F.2d 712, 715 (7th Cir. 1982)).  In analyzing jurisdiction under this practical approach, the Court must consider the policy goals underlying the probate exception, because a suit falls within the probate exception if "'allowing it to be maintained in federal court would impair the policies served by the [exception]'" Id. (quoting Dragan, 679 F.2d at 715-16).

The Seventh Circuit has identified several practical bases for the probate exception--to encourage legal certainty, to promote judicial economy, to utilize the "relative expertness" of state courts in probate issues, and to avoid unnecessary interference with the state probate system.  Storm, 328 F.3d at 944.  Considering these factors, the Court finds that the matters at issue in the present case should be considered ancillary to probate proceedings and covered by the probate exception.  Preble's will has been admitted to probate in Jasper County, Missouri.  Prior to the filing of the present lawsuit, Hoover, as personal representative of Preble's estate, filed

---

[1] While it is clear that the present case does not involve an attempt to probate a will, as set forth below, it does implicate, at least tangentially, the administration of Preble's estate.

8

a verified petition in the probate case challenging the validity of the Legacy Trust and seeking a determination regarding its assets pursuant to Missouri Revised Statutes § 473.340. Under Missouri Revised Statutes § 473.340, after such a petition has been filed, the probate court has the power to:

> determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the person of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

Indeed, the Jasper County court has set the matter for a bench trial on January 3, 2006. See Defendant's Memorandum, Ex. 7, p. 8. Moreover, the probate court has exercised its authority to control Greenlee's management of the Legacy Trust, pending that court's final determination of the matter.

Also, the University of Illinois has been joined as a party and is

participating in the probate action. The present case involves factual and legal issues more familiar to the state court. Furthermore, these issues are already being litigated in the probate proceeding which was filed before the present case. Judicial economy is advanced by allowing the probate court to resolve the matter.

Moreover, unlike Georges v. Glick, upon which the University of Illinois relies, the case at hand clearly involves the probate res. Georges, 856 F.2d 971 (7th Cir. 1988). In Georges, beneficiaries of a trust brought a malpractice claim against an attorney who prepared an amendment to a trust, alleging that the decedent settlor was not competent and under undue influence at the time of the amendment. The Georges Court held that the case fell outside of the probate exception, specifically noting that a federal case would not directly affect the probate res, because the settlor's estate had already been conclusively distributed by the probate court. Id. at 974. In the present case, the University of Illinois is asking this Court to invalidate the Legacy Trust and to return the assets in it to Preble's estate. The collection of estate assets is clearly a function of estate administration, and the personal representative has a fiduciary duty to all of the beneficiaries under a will to ascertain the assets that should be properly

included in the probate estate.  Estate of Dean v. Morris, 963 S.W.2d 461, 465-66 (Mo. Ct. App. 1998).

Considering all of the relevant factors, it is clear that the failure to apply the probate exception in the present case would impair the policies behind the exception.  Under the practical approach, the issues in the present case are at least ancillary to core probate matters, if not central to the administration of the estate.  Therefore, this Court lacks subject matter jurisdiction.

The University of Illinois argues briefly that, even if the probate exception bars jurisdiction for issues relating to the Legacy Trust, its claims against Greenlee personally should survive.  The University of Illinois, however, cannot distinguish the present case from Storm on this point.  In Storm, a son brought a tortious interference with inheritance claim against his father Robert, alleging that Robert exerted undue influence upon the decedent causing her to name Robert as the sole beneficiary of her estate. Storm, 328 F.3d at 942.  The son sought damages from his father, individually, including exemplary or punitive damages.  Id. at 945.  The Storm Court nevertheless applied the probate exception, holding that the action against Robert was ancillary to core probate proceedings.  Id. at 945-

48. The University of Illinois's claims against Greenlee individually for his alleged personal wrongdoing are indistinguishable from the claims in <u>Storm</u>. Greenlee's Motion to Dismiss for lack of subject matter jurisdiction is allowed, and this case is dismissed. Because this Court lacks subject matter jurisdiction, the remaining issues raised in Greenlee's Motion to Dismiss are moot.

THEREFORE, Defendant George C. Greenlee's Motion to Dismiss, or, Alternatively, to Transfer to the Proper Forum (d/e 7) is ALLOWED. This case is DISMISSED for lack of subject matter jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   September 15, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE